PAUL WILBUR SPENCER *v.* STATE
OF MARYLAND

[No. 444, September Term, 1969.]

*Decided July 15, 1970.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Alan M. Wilner* for appellant.

*James F. Truitt, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *Edward A. DeWaters, Jr., Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

Paul Wilbur Spencer, tried by the court in the Circuit Court for Baltimore County, was found guilty of making an assault upon Nancy Anne Davis with intent to murder her.

Appellant firstly contends that the evidence was not sufficient to sustain the conviction. His argument goes to the *corpus delicti* and not to his criminal agency. He claims that based upon the court's findings and the evidence supporting them, he was "simply charged with and convicted of the wrong crime." He urges, in effect, that the crime on the facts found by the court was assault with intent to rape. In rendering its verdict the court said:

> "There's no question in my mind, and I find as a fact, that this Defendant knew that Mrs. Davis lived in the apartment across the street from him, that she was separated from her husband, that she had a boyfriend who visited her —I make no apologies for what she obviously was conducting as her way of life, that is up to

her—but there's no question in my mind, and I find as a matter of fact, that the Defendant did indeed enter Mrs. Davis's apartment by way of cutting the screen, and that he did indeed have in his mind an intention to have sexual intercourse with her. There is no question in my mind, and I find as a fact, that pursuant to that intention he had with him a knife, with which he threatened her of death and destruction unless she yielded—although, perhaps he did not specifically express his intentions — but unless she yielded to his desires. I find as a matter of fact that on the early morning of July 4th Mr. Spencer, in the words of the indictment, did feloniously make an assault upon Nancy Anne Davis with intent then and there feloniously, willfully and of malice aforethought to murder said Nancy Anne Davis."

We cannot say that this judgment of the court on the evidence was clearly erroneous. Maryland Rule 1086. The evidence established that a man, positively identified at trial by the victim as appellant, broke into her apartment about 4:30 in the morning, held a knife at her throat, told her if she screamed one more time he was going to cut her throat, and later told her he was going to take her down to the basement and cut her throat. It may be that he intended to rape her, but we think the evidence, in law, was sufficient, as the court found, to establish that he also intended, during the assault on her, to murder her.

Appellant secondly presents questions concerning the admissibility of the judicial identification of him by the victim. He claims that it was tainted by an illegal pretrial confrontation. Evidence of the pretrial identification was not adduced by the State but by appellant on cross-examination of the victim and of the arresting officer. As the State did not offer it either as substantive evidence of identification or as corroborative evidence of a judicial identification, its admissibility is not at issue.

When appellant told the victim he was going to take her down to the basement and cut her throat he marched her toward the door. "[A]s we were going out the door he had ahold of my one arm, and he had put this knife in his back pocket, and the door opens this way and he was standing on the side of me, and I just took the door and pushed him out of the apartment with it; and so that's how he got out of the apartment. Then I started hollering and screaming and my neighbors, all came running * * * I called the police right away." The police arrived promptly and were told what had happened by the victim. As a result of information received from a neighbor an officer walked across the street and found appellant "stooping down" in the bushes. A knife about six inches long, "a silver knife with a black handle", was found 3 to 5 feet from appellant. The officer told appellant to come out. "When he was walking out of the bushes, the victim, who was standing on her porch, said 'he was the subject responsible.' " The victim said she was 15 or 20 feet from appellant when he came out of the bushes. The police did not bring him over to her; they said, "Is this the one?" "And I looked at him, and, I said, 'Yes, that's the man.' And I'm not very likely to ever forget him."

The answer to appellant's argument that this confrontation was illegal because of the absence of counsel representing him is that a confrontation under such circumstances is simply not within the contemplation of *United States v. Wade,* 388 U. S. 218 and its siblings. We held in *Billinger v. State,* 9 Md. App. 628, that it is not necessarily improper for the police promptly to display a freshly apprehended suspect for identification by one who minutes before had been the victim of the commission of a crime. At such confrontation the absence of counsel for the suspect does not render it illegal. Nor is due process of law violated; there is ordinarily no substantial likelihood of irreparable misidentification for the reasons set out in *Billinger.* We find that the confrontation in the circumstances here was legal. Being legal it could not taint the judicial identification.

Appellant also complains about "the method employed by the court of soliciting the identification." The victim testified that she was in her apartment waiting for her boyfriend. The transcript reads:

> "THE WITNESS: I've been separated from my husband for over two years. And, so, I felt, you know, someone came into the room, I had a feeling, and I looked up, and I thought it was him, and I said, 'Hi, Honey', and then I looked again, and I said, 'Who are you?' And then this man here was on —
>
> MR. CLAGETT (Defense Counsel): Objection.
>
> THE COURT: Which man, the man sitting right there, Spencer?
>
> MR. DE WATERS (Assistant State's Attorney): Indicating the Defendant.
>
> MR. CLAGETT: There's been no question put to the witness to ask for any identification yet.
>
> THE COURT: Overruled, Mr. Clagett."

The judicial identification could have been more artfully elicited but we see no error requiring reversal. The witness in her testimony referred to "this man here." The court was merely clarifying for the record the man she indicated, not leading her into an identification. We feel that the reason advanced by defense counsel for his objection bears this out. Apparently there was no doubt whom she meant, but the court desired that the record reflect it. And we note that the defense brought out both by cross-examination of the victim and the arresting officer that the witness at the scene of the crime positively identified appellant as her assailant.

Appellant thirdly contends that the "court's ruling on objection to cross-examination relating to means of entry constituted reversible error." This contention refers to the cross-examination of the victim and of the arresting officer. Appellant asked whether the screen at the place of entry into the apartment had been cut from the inside

or the outside. The State objected and the objection was sustained, the court remarking, "How would this lady know, she wasn't there when it was cut out." On cross-examination of the arresting officer he was asked if he had checked the screen the victim said had been cut. The officer said that he had. Appellant then asked, "And was that screen cut from the outside or the inside?" The State again objected and the court said, "If you can determine from your observation from which side it was cut." The officer answered, "It seemed like it was cut from the outside, because the ragged edges were toward the inside." Appellant asked, "But you could not say so for sure?" and the officer said that he could not.

We see no error in the sustaining of the objection to the first question; as phrased it called for a conclusion. Appellant did not seek to adduce from the witness what she observed with respect to the condition of the screen from which facts the trier of fact may have determined whether the screen was cut from the inside or outside. Nor do we see any fatal inconsistency, as appellant now alleges, in the court allowing the officer to answer with the qualification it imposed. Appellant obtained an answer to the question he posed. We find no prejudicial error in the circumstances.

*Judgments affirmed.*